## CIRCUIT COURT OF CHESTERFIELD COUNTY

Plantation Pipe Line Co.

v.

Chesterfield County Board of Supervisors
and The County of Chesterfield

October 8, 1985

Case No. 820-85

By JUDGE MELVIN R. HUGHES, JR.

Argument was made on September 12, 1985, in this case on plaintiff's Motion for Summary Judgment. This motion presents issues concerning the application of Section 15.1-426, Code of Virginia of 1950, as amended. Plaintiff, a public service company which deals in transporting petroleum and petroleum products, proposes to construct an additional pipeline within an existing right of way in Chesterfield County.

After [plaintiff had] obtain[ed] County Planning Commission approval, the Chesterfield County Board of Supervisors turned down the proposed construction after the Commission's decision was appealed to that body. The plaintiff seeks a declaration of rights in this lawsuit.

The issue that is dispositive is whether § 15.1-426, by its terms, approves the plan of construction when the Commission fails to act on it within sixty days of the plan submission. I believe that it does.

Section 15.1-426 provides:

> (a) [No] public service corporation facility . . . , whether publicly or privately owned, shall be constructed, established or authorized, unless and until the general location or approximate location, character, and extent thereof has been submitted to and approved

by the local commission as being substantially in accord with the adopted comprehensive plan or part thereof.

(b) The Commission shall communicate its findings to the governing body, indicating its approval or disapproval with written reasons therefor. The governing body may overrule the action of the commission by a vote of a majority of the membership thereof. *Failure of the commission to act within sixty days of such submission, unless such time shall be extended by the governing body, shall be deemed approval.* The owner or owners or their agents may appeal the decision of the local commission to the governing body within ten days after the decision of the commission. The appeal shall be by written petition to the governing body setting forth the reasons for the appeal. The appeal shall be heard and determined within sixty days from its filing. A majority vote of the governing body shall overrule the commission. (Emphasis supplied).

According to the County's admissions, plaintiff's application was filed on March 25, 1985, and it described the location, character and extent of the proposed pipeline. The County also admits that the Planning Commission failed to act on the application within sixty days of March 25, 1985, and that the Commission approved the application on June 18, 1985.

While the County argues that the application was first submitted on May 21, 1985, the date the Commission voted to defer staff recommended approval of the application, the language of § 15.1-456 cannot be clearer. I agree, as the County argues, that the statutory framework enacted by the legislature evinces a desire for local review of such construction plans.

At the same time, the same framework evinces a desire for early and timely disposition of such plans from the time of submission. If "submission" means the time the matter first appears on the agenda, as the County argues, prompt disposition of such plans submitted for approval could be delayed by simply not putting the application on the agenda. Thus, deemed approval is achieved unless the governing body extends the time set out in the statute.

Thereafter, the County Board of Supervisors was without authority to entertain any appeal in the matter. Accordingly, the motion is granted.